JOSEPH D. LATHAN v. THE ZONING BOARD OF ADJUSTMENT OF UNION COUNTY, NORTH CAROLINA

No. 8320SC401

(Filed 17 July 1984)

**Municipal Corporations § 30.19— building replaced with larger one—enlargement of nonconforming use proper**

  Since G.S. 153A-345(c) provides that boards of adjustment may permit special exceptions to zoning regulations, and a county zoning ordinance specifically provided that an additional structure could be placed on a lot so that it would enlarge a nonconforming use, defendant acted within the authority granted to it when it allowed a landowner to construct a new building on a lot where his lumberyard was located and required him to raze the old building in which he conducted his lumber business.

APPEAL by petitioner from *Davis, Judge.* Judgment entered 22 December 1982 in Superior Court, UNION County. Heard in the Court of Appeals 7 March 1984.

This case involves the allowance of a nonconforming use of property subject to the zoning ordinance of Union County. The property involved has been the subject of a previous action. *See Lathan v. Bd. of Commissioners*, 47 N.C. App. 357, 267 S.E. 2d 30 (1980), in which this Court affirmed a judgment of the superior court holding that the property had been illegally spot zoned.

Following the decision of this Court, Keith A. Nesbit petitioned the Union County Board of Adjustment for permission to construct a new building on his lot. Mr. Nesbit owns a lot in Union County on which a lumberyard is located. The building in which he conducts his business has become outmoded. He asked that he be allowed to construct a new building and raze his old one. At a hearing on Mr. Nesbit's petition, Wilton E. Damon, Sr., a professional real estate appraiser, testified that, in his opinion, the original structure had become so dilapidated that it significantly impaired the property value of the area. In his opinion, the relocation of the building would improve the aesthetic appeal of the area and raise property values. The Zoning Board entered an order in which it allowed the construction of a new building on the lot and required that the old one be razed.

Petitioner, an adjoining landowner, petitioned the superior court for a writ of certiorari that was allowed. After a hearing, the superior court affirmed the order of the Board of Adjustment.

*Joe P. McCollum, Jr. for petitioner appellant.*

*Love and Milliken, by John R. Milliken, for respondent appellee.*

*Peter A. Foley for respondent appellee Keith A. Nesbit.*

WEBB, Judge.

The petitioner contends the Board of Adjustment exceeded the power given to it by statute and by the zoning ordinance in allowing Mr. Nesbit to construct a new building on the same lot as the old building and ordering the old building to be razed. G.S. 153A-345 provides in part:

"(c) The zoning ordinance may provide that the board of adjustment may permit special exceptions to the zoning regulations in classes of cases or situations and in accordance with the principles, conditions, safeguards, and procedures specified in the ordinance."

The Union County Zoning Ordinance, Section 70.4 provides in part:

"(3) Upon petition by the owner and after a public hearing, notice of which has been given, in accordance with Section 122.2(b), the Board of Adjustment may permit

. . . .

(b) additional structures to be built on the lot within which the nonconforming use can be enlarged."

We hold that G.S. 153A-345(c), which provides that boards of adjustment may permit special exceptions to zoning regulations, authorizes the enactment of a zoning ordinance that allows a board of adjustment to make the exception which was made in this case. The Union County Zoning Ordinance specifically provides that an additional structure may be placed on a lot so it will enlarge a nonconforming use. We hold that the Zoning Board acted within the authority granted by the ordinance when it authorized the nonconforming use.

The petitioner relies on *Atkins v. Zoning Board of Adjustment*, 53 N.C. App. 723, 281 S.E. 2d 756 (1981) and *Poster Advertising Co. v. Bd. of Adjustment*, 52 N.C. App. 266, 278 S.E. 2d 321 (1981), as well as textbooks for the proposition that the courts take a narrow view as to nonconforming uses. We do not believe we should set policy as to zoning laws. It is for the General Assembly and local governments. We believe the statute and ordinance allow the nonconforming use in this case.

The petitioner argues that the Board did not make any findings of fact to support its order. The Board made the following findings:

"(a) the action authorized would not adversely affect the health or safety of persons residing or working in the neighborhood of the nonconforming use;

(b) the action authorized would not substantially impair the value of nearby properties; and

(c) no useful purpose would be served by the strict application of the provisions or requirements of this ordinance to which the use does not conform, in the case of the specific property."

We believe these findings are sufficiently specific so that we can determine what induced the Board to make its decision. The findings are supported by the evidence.

Affirmed.

Judges BECTON and EAGLES concur.